NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4669-15T2
STATEWIDE INSURANCE
FUND, as subrogee of the
COUNTY OF WARREN,

 Plaintiff-Appellant,

v.

OWL CONTRACTING,

 Defendant/Third-Party
 Plaintiff-Respondent,

v.

DANIEL HILL,

 Third-Party Defendant-Respondent.

_________________________________________

 Argued September 7, 2017 – Decided September 27, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Warren County, Docket
 No. L-0347-14.

 Richard P. Cushing argued the cause for
 appellant (Gebhardt & Kiefer, PC, attorneys;
 Tracy B. Bussel, on the briefs).

 Christopher Bally argued the cause for
 respondent Owl Contracting (Law Office of
 Joseph Carolan, attorneys; Mr. Bally and
 George H. Sly, Jr., on the brief).

 Christopher M. Troxell argued the cause for
 respondent Daniel Hill.

PER CURIAM

 Plaintiff Statewide Insurance Fund, as subrogee of the County

of Warren, appeals from the Law Division's entry of summary

judgment dismissing its complaint for indemnification from

defendant/third-party plaintiff, Owl Contracting. Statewide's

complaint alleged that, as Warren County's workers' compensation

carrier, it was entitled to recover sums it paid in satisfaction

of third-party defendant Daniel Hill's workers' compensation claim

in excess of the amounts Statewide recovered from Hill's settlement

with Owl in an earlier third-party action. Statewide argued that

it was entitled to the additional sums based upon an

indemnification clause in the construction contract between Warren

County and Owl. According to its complaint, Statewide sought

amounts in excess of those it was entitled to recover under the

Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146.

 The motion judge disagreed, finding Statewide's claim was

barred by virtue of Statewide's receipt of funds from the

settlement reached between Hill and Owl in satisfaction of its

 2 A-4669-15T2
lien under the provisions of the WCA.1 Moreover, to the extent

Statewide believed it was entitled to anything more, it was

obligated to join in the action between Hill and Owl to assert its

claim as required by the entire controversy doctrine. See R.

4:30A.

 On appeal, Statewide argues that the motion judge erred by

denying it a trial on the issue of Owl's employee's negligence

before it determined whether Statewide was entitled to

indemnification. It also contends the judge erred by relying upon

the settlement between Hill and Owl and the Entire Controversy

Doctrine as reasons for denying Statewide the benefit of the

indemnification under Owl's agreement with Warren County.

 The facts, when viewed in the light most favorable to

Statewide, see Angland v. Mountain Creek Resort, Inc., 213 N.J.

573, 577 (2013) (citing Brill v. Guardian Life Ins. Co. of Am.,

142 N.J. 520, 523 (1995)), are undisputed and can be summarized

as follows. Hill's claim arose from injuries he sustained while

employed by Warren County when he was struck by a vehicle owned

by Owl. At the time of the accident, Owl was performing

construction services for Warren County pursuant to a written

agreement. The agreement contained an indemnification clause in

1
 N.J.S.A. 34:15-40(b),(e) and (g).

 3 A-4669-15T2
which Owl held Warren County harmless and agreed to indemnify it

for any claims arising from Owl's negligence.

 Hill filed a workers' compensation claim and Statewide made

payments to and on behalf of Hill for his injuries and their

treatment. He also filed a lawsuit against Owl that they settled.

Statewide received a payment from the settlement proceeds in

satisfaction of its lien, in accordance with the WCA. After the

settlement, Hill continued treatment and Statewide made partial

payments to Hill's medical providers also as required by the WCA.

Statewide filed this action seeking reimbursement from Owl for the

amounts it paid in excess of the amounts it received from Hill's

settlement.

 Applying the legal principles governing our de novo review

where, as here, there is no genuine issue of material fact and

"only a question of law remains," Cypress Point Condo. Ass'n v.

Adria Towers, LLC, 226 N.J. 403, 414-15 (2016), we conclude

Statewide's contentions are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E). Suffice it

to say, Statewide's entitlement to recover any amounts from the

parties to this action was governed solely by the WCA. Warren

County's agreement with Owl did not entitle Statewide to anything

more.

 Affirmed.

 4 A-4669-15T2